UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lawrence L. Crawford, # 300839, | ) C/A No. 4:16-3107-MBS-TER |
| Plaintiff, | ) |
| vs. | ) ORDER |
| Judge Timothy Cain, | ) |
| Judge Paige Gossett, | ) |
| Judge R.B.H. in Case 8:14-cv-3555, | ) |
| Warden McFadden, | ) |
| S.C. Supreme Court, | ) |
| All Defendants Listed in Case 0:16-cv-992, | ) |
| All Defendants Listed Within the (170) Page Complaint Dated May 18, 2016 They Blocked Being Assigned a Case Number, | ) |
| The United States, | ) |
| 193 Member States of the United Nations, | ) |
| All States and U.S. Territories That Allow Same-Sex Marriage, | ) |
| Judge Benjamin Lee, | ) |
| Defendants. | ) |

On September 19, 2016, by order of this court, Plaintiff was informed that he is the sole plaintiff in this cause number and he was instructed to file service documents and a complaint form in his own name if he desired to bring this case into proper form. However, Plaintiff has filed a Motion to Recuse in which seven persons signed as Plaintiffs. Plaintiff alleges that the undersigned's actions in prior habeas cases causes him to be a Defendant in this action, but Plaintiff has yet to file his own Complaint and name defendants. Plaintiff alleges that the undersigned has committed fraud and is involved in a criminal conspiracy involving several cause numbers. Plaintiff alleges that the undersigned "in furtherance of the conspiracy" "conspired ... to keep kidnap[ped] in an illegal incarceration a foreign sovereign King Khalifah." ECF No. 10 at 6.

Plaintiff does not provide, and the Court is not aware of a basis for disqualification of the undersigned that would be appropriate in this matter. *See* 28 U.S.C. § 455. The undersigned is "presumed to be qualified, and there must be a substantial burden upon the affiant to show grounds for believing the contrary." *Nakell v. Attorney Gen. of N.C.*, 15 F.3d 319, 325 (4 Cir. 1994); *see also U.S. v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) ("A judge is not disqualified merely because a litigant sues or threatens to sue him.").

Under the objective standard, a reasonable outside observer, aware of all the facts and circumstances of this case, would not question the undersigned's impartiality. *See id.* at 286. Plaintiff's contentions are too vague, tenuous, or speculative to establish a violation requiring recusal/disqualification. "To disqualify oneself in such circumstances would be to set the price of maintaining the purity of appearance too high —it would allow litigants to exercise a negative veto over the assignment of judges." *U.S. v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)(internal citations and quotations omitted).

Thus, Plaintiff's Motion for Recusal, as pertaining to the undersigned, is denied, and Plaintiff is instructed to comply with the Court's prior order dated September 19, 2016.

**IT IS SO ORDERED**.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 29, 2016
Florence, South Carolina